UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                   Case No. 09-20614

Antonio Lynn Fluker, Jr.,                           Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER DENYING
DEFENDANT'S MOTION TO WITHDRAW PLEA**

On April 12, 2010, Defendant pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Count 2 of the Indictment, which charges him with identity theft in violation of 18 U.S.C. § 1028 (a)(7) & (b)(1)(D). This Court accepted Defendant's guilty plea on April 12, 2010. Defendant is scheduled to be sentenced by this Court today, October 28, 2010. On October 20, 2010 – approximately a week before his sentencing – Defendant filed the instant motion seeking to withdraw his guilty plea. The Court heard oral argument on the motion on this date, October 28, 2010. For the reasons set forth below, the Court shall DENY the motion and proceed to sentencing.

BACKGROUND

In this action, Defendant Antonio Fluker ("Fluker") was charged with four counts of Identity Theft, in violation of 18 U.S.C. § 1028(a)(7) & (b)(1)(D). (Docket Entry No. 3, Indictment). Fluker was arrested on January 7, 2010, and on that same date, he was released on a $10,000.00 unsecured bond with conditions. (Docket Entry No. 5, Order Setting Conditions of

1

Release). The Order Setting Conditions of Release ordered that Fluker's release was subject to several conditions, including that: 1) Fluker "must not violate any federal, state or local law while on release," 2) Fluker "must appear in court as required," and 3) Fluker may "not apply for any new lines of credit without approval of Pretrial Services Officer." (*Id*.).

Pursuant to a Rule 11 Plea Agreement, Fluker pleaded guilty to Count 2 of the Indictment, which charges him with identity theft in violation of 18 U.S.C. § 1028 (a)(7) & (b)(1)(D). (Docket Entry No. 16, Rule 11 Plea Agreement). The Rule 11 Agreement provides:

> B. <u>Agreed Guideline Range</u>
>
> <u>There are no sentencing guideline disputes</u>. Except as provided below, defendant's guideline range is 37-45 months, as stated in the attached worksheets. *If the court finds*: (a) that defendant's criminal history category is higher than reflected on the attached worksheets, or (b) *that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; committed a new offense; otherwise demonstrated a lack of acceptance of responsibility for his offenses; or obstructed justice, and if any such finding results in a higher guideline range, the higher guideline range becomes the agreed range.*
>
> *Based on the present circumstances, the U.S. Attorney recommends that defendant be granted a reduction of two levels for acceptance of responsibility. The U.S. Attorney may recommend against giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office learns of information inconsistent with the adjustment.* Additionally, the U.S. Attorney agrees that defendant has assisted authorities, within the meaning of USSG §3E1.1(b), in the prosecution of defendant's own misconduct by timely notifying authorities of the intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources effectively. The U.S. Attorney therefore moves that defendant be granted a third level reduction for acceptance of responsibility. *Neither party may take a position concerning the applicable guidelines that is different from that reflected in the attached worksheets, except as necessary to the court's determination regarding defendant's criminal history, acceptance of responsibility, and obstruction of justice.*

(*Id*. at 3-4) (Underlining in original; italics for emphasis). The Rule 11 Agreement restricts

Fluker's right to withdraw from the agreement:

> Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the court decides to impose a sentence higher than the maximum allowed by this agreement. *This is the only reason for which defendant may withdraw from this agreement.*

(*Id*. at 8) (emphasis added).

This Court accepted Fluker's guilty plea on April 12, 2010, took the Rule 11 Agreement under advisement, and continued Fluker's bond pending sentencing.

On May 6, 2010, Pretrial Services Officer Timothy Rooney submitted a "Petition for Action on Conditions of Pretrial Release" (Docket Entry No. 17), alleging that Fluker had violated the conditions of the release order and asking the Court to hold a hearing to determine whether Fluker's bond should be cancelled. The Petition stated:

> On April 28, 2010, Pretrial Services was notified by United States Probation Officer Joan Pigott, that Mr. Fluker was being investigated by the Grand Blanc Township, Police Department. Specifically alleging that on April 2, 2010, Mr. Fluker filed paperwork with the Department of Labor, changing the name of the CEO of ETNA Distributors, LLC (a plumbing equipment/suppliers wholesale company based in Grand Rapids, Michigan), to himself. He then allegedly purchased a 2010 Cadillac Escalade pickup truck which cost $74,335.24, from Al Serra Auto Plaza, in Grand Blanc. The vehicle was financed through GMAC, in ETNA's name.
>
> Additionally, Mr. Fluker attempted to obtain a Home Depot credit card, in ETNA's name. Home Depot filed a Complaint, with the Wyoming, Michigan Police Department.

(*Id*.). This Court signed the proposed show cause order, ordering Fluker to appear on May 14, 2010 at 10:30 a.m. to show cause why the Court should not revoke his bond. (*Id*.).

Fluker failed to appear for the hearing on May 14, 2010. Accordingly, on May 14, 2010, the Government filed a Motion for Bench Warrant and Forfeiture of Bond. (Docket Entry No. 18). This Court granted that motion in an Order entered on May 17, 2010. (Docket Entry No.

3

19).

Fluker was arrested on July 13, 2010, and was held at the Genesee County Jail in Flint, Michigan, pending sentencing.

At a subsequent status conference held prior to sentencing, however, Counsel for the Government advised the Court that it had been informed that Fluker had been released from the Genesee County Jail after a forged letter from Magistrate Judge Binder was faxed to the jail. The Government advised the Court that the employees at the jail failed to recognize the document as a forgery and Fluker was released on September 9, 2010. After it was discovered that the faxed document was a forgery, however, local authorities arrested Fluker again. When interviewed by the local authorities on September 22, 2010, Fluker allegedly acknowledged he was responsible for the forged document sent to the Genesee County Jail.

This Court held a status conference in this matter on October 15, 2010, at which time the parties agreed that Fluker would be sentenced on October 28, 2010, and that the parties could file amended sentencing memorandums on or before October 20, 2010. (*See* Docket Entry No. 27).

On October 20, 2010, Fluker filed the instant "Motion to Withdraw Plea." (Docket Entry No. 28).

## ANALYSIS

In his Motion to Withdraw Plea, Fluker asserts that the Government's position that he had taken over $200,000 from his victims is incorrect and that he "agreed to such amount"[1] when he pleaded guilty only so that he would be able to receive a 3-level reduction for acceptance of responsibility. Now that the Government is recommending against giving him a 3-level reduction

---

[1](*See* 4/12/10 Hrg. Tr. at 13 & 17; Rule 11 Plea Agreement at 7).

4

for acceptance of responsibility, however, Fluker wishes to withdraw his guilty plea.

Rule 11(d) of the Federal Rules of Criminal Procedure governs withdrawal of guilty pleas and provides:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>    (1) before the court accepts the plea, for any reason or no reason; or
>    (2) after the court accepts the plea, but before its imposes sentence if:
>       (A) the court rejects a plea agreement under Rule 11(c)(5); or
>       (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM P. 11(d). "This rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *Id*.

Here, Fluker pleaded guilty to Count 2 of the Indictment on April 12, 2010. At that time, the Court accepted the guilty plea but took the Rule 11 Agreement under advisement. Because the Court accepted the guilty plea, and has not rejected the Rule 11 Agreement, Fluker may withdraw his guilty plea before the Court imposes sentence only if he "can show a fair and just reason for requesting the withdrawal."

"The permission to withdraw a guilty plea prior to sentencing is a matter within the broad discretion of the district court," and is reviewed on appeal for abuse of discretion. *United States v. Valdez,* 362 F.3d 903, 912 (6th Cir. 2004). District courts within the Sixth Circuit are to

consider a number of factors to determine whether a defendant has met his burden of proving that the withdrawal of his guilty plea is for a fair and just reason, including:

> 1) the amount of time that elapsed between the plea and the motion to withdraw it;
>
> 2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
>
> 3) whether the defendant has asserted or maintained his innocence;
>
> 4) the circumstances underlying the entry of the guilty plea;
>
> 5) the defendant's nature and background;
>
> 6) the degree to which the defendant has had prior experience with the criminal justice system; and
>
> 7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Ellis*, 470 F.3d at 281. These factors are a general, non-exclusive list and no one factor is controlling. *Id.*

Having considered these factors, the Court finds that Fluker has not met his burden of proving that the withdrawal of his guilty plea is for a fair and just reason.

1.  <u>Amount Of Time Elapsed Between Plea And Motion To Withdraw:</u>

With respect to this first factor, "[t]he shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *Id.* (citing *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996)). As discussed in *Ellis*, the Sixth Circuit has affirmed motions to withdraw guilty pleas where the amount of time that elapsed between the guilty plea and the motion to withdraw the plea was shorter than six months. *United States v. Ellis*, 470 F.3d at 282-82; *see also United States v. Valdez*, 362 F.3d at 913 ("[U]njustified 75-

day delay, alone, supported the court's denial of a motion to withdraw."); *United States v. Durham*, 178 F.3d 796 (6th Cir. 1999) ("[Strongest factor supporting the district court's denial" of Defendant's motion to withdraw guilty plea was the length of time between guilty plea and motion to withdraw, which was 77 days).

Here, *over* six months elapsed between Fluker's April 12, 2010 guilty plea and his October 20, 2010 motion to withdraw the plea. Thus, this factor weighs heavily against granting the motion.

2. <u>Presence Or Absence Of Valid Reason For Failing To Move To Withdraw Earlier:</u>

Although Fluker's motion and brief do not address why he did not move to withdraw his plea earlier, the reason for the delay is obvious, and was confirmed by his Counsel at the hearing.

At the time that he pleaded guilty, the Government intended to recommend a 3-level reduction for acceptance of responsibility. (*See* Rule 11 Plea Agreement at 4) ("Based on the *present circumstances*, the U.S. Attorney recommends" that Defendant be given a reduction for acceptance of responsibility) (emphasis added).

The Rule 11 Agreement, however, expressly provides that the Government "may recommend against giving defendant credit for acceptance of responsibility if, after the guilty plea has been entered, the U.S. Attorney's office learns of information inconsistent with the adjustment." (Rule 11 Agreement at 4). That is precisely the situation that then unfolded here. After this Court accepted Fluker's guilty plea, the Government learned of subsequent conduct by Fluker that it believes is inconsistent with the adjustment (i.e., Fluker's failure to appear in Court on May 14, 2010, and his alleged role in obtaining his release from the Genesee County Jail via a forged letter from the Court). Thus, the Government is no longer recommending a 3-level

reduction for acceptance of responsibility.

The Court finds that Fluker has not stated a valid reason for failing to move to withdraw earlier. Rather, the Court finds that his filing of this motion is a tactical decision intended to avoid the consequences of his post-plea conduct – consequences which were clearly spelled out in the Rule 11 Plea Agreement.

3. <u>Innocence:</u>

The third factor that the Court considers is whether the defendant has asserted or maintained his innocence. Here, Fluker does not assert his innocence and has repeatedly acknowledged his guilt. Indeed, in his Motion to Withdraw Fluker acknowledges that "he has been involved in criminal acts as stated in the indictment." (Docket Entry No. 28 at 3). This factor, therefore, weighs against granting the motion. *United States v. Ellis*, 470 F.3d at 285.

4. <u>Circumstancing Underlying Guilty Plea:</u>

This Court properly advised Fluker of his constitutional rights at the April 12, 2010 plea hearing. (*See* 4/12/10 Hrg. Tr.). Fluker clearly articulated that he was entering the guilty plea knowingly and voluntarily. He acknowledged that he benefitted from the assistance of counsel, that his counsel answered all of his questions, and that he was satisfied with his lawyer's representation. The record establishes that Fluker understood what he was doing and was aware of the constitutional rights he was waiving when he entered the guilty plea. The circumstances surrounding the entry of the guilty plea, therefore, weigh against granting the motion.

5. <u>Defendant's Nature And Background:</u>

Fluker's nature and background also weigh against granting his motion. Fluker is an educated and astute individual. Fluker obtained General Educational Development Certificate

(GED) and he reports that he attended Mott Community College.

6. <u>Defendant's Prior Experience With The Criminal Justice System:</u>

With four prior felony convictions/juvenile adjudications, Fluker is not a novice to the criminal justice system. He is knowledgeable and shrewd. *United States v. Kirkland*, 578 F.2d 170, 171-72 (6th Cir. 1978). The Court finds that Fluker's prior experience with the criminal justice system also weighs against granting his motion.

7. <u>Potential Prejudice To The Government:</u>

The last factor a court may consider is the potential prejudice to the Government if the motion to withdraw is granted. The Government, however, "is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Spencer,* 836 F.2d 236, 240 (6th Cir. 1987); *United States v. Ellis*, 470 F.3d at 285. Under the circumstances presented here, the Court finds that the Government does not need to establish prejudice because Fluker has failed to establish a fair and just reason for withdrawing his guilty plea. *Id.*

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant's Motion to Withdraw Plea (Docket Entry No. 28) is DENIED.

IT IS SO ORDERED.

<u>S/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated: October 28, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                              Case No. 09-20614

Antonio Lynn Fluker, Jr.,            Honorable Sean F. Cox

    Defendant.
_____/

## **PROOF OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2010, by electronic and/or ordinary mail.

                                              S/J. Hernandez
                                              Case Manager