UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                Case No. 09-20614

Antonio Lynn Fluker, Jr.,               Honorable Sean F. Cox

    Defendant.
_____/

## MEMORANDUM OPINION

On April 12, 2010, Defendant pleaded guilty, pursuant to a Rule 11 Plea Agreement, to Count 2 of the Indictment, which charges him with identity theft in violation of 18 U.S.C. § 1028 (a)(7) & (b)(1)(D). This Court accepted Defendant's guilty plea on April 12, 2010. On October 28, 2010, the matter came before the Court for consideration of Defendant's objections to the calculation of his sentencing guidelines as calculated in the May 12, 2010 Presentence Investigation Report ("PSR") and the August 10, 2010 Addendum to the Presentence Report ("PSR Addendum"). For the reasons stated on the record on October 28, 2010, the Court overruled all of Defendant's objections. The Court is issuing this Memorandum Opinion, however, in order to memorialize its rulings concerning Defendant's objections regarding: 1) the amount of loss attributed to Defendant; 2) the adjustment for obstruction of justice; and 3) no adjustment being given for acceptance of responsibility.

BACKGROUND

In this action, Defendant Antonio Fluker ("Defendant") was charged with four counts of Identity Theft, in violation of 18 U.S.C. § 1028(a)(7) & (b)(1)(D). Defendant was arrested on

1

January 7, 2010, but was released on a $10,000.00 unsecured bond with conditions. (Docket Entry No. 5). The Order Setting Conditions of Release ordered that Defendant's release was subject to several conditions, including that: 1) Defendant "must not violate any federal, state or local law while on release," 2) Defendant "must appear in court as required," and 3) Defendant may "not apply for any new lines of credit without approval of Pretrial Services Officer." (*Id*.).

Pursuant to a Rule 11 Plea Agreement, Defendant pleaded guilty to Count 2 of the Indictment, which charges him with identity theft in violation of 18 U.S.C. § 1028 (a)(7) & (b)(1)(D). (Docket Entry No. 16, Rule 11 Plea Agreement). This Court accepted Defendant's guilty plea on April 12, 2010, took the Rule 11 Agreement under advisement, and continued Defendant's bond pending sentencing.

On May 6, 2010, Pretrial Services Officer Timothy Rooney submitted a "Petition for Action on Conditions of Pretrial Release" (Docket Entry No. 17), alleging that Defendant had violated the conditions of the release order and asking the Court to hold a hearing to determine whether Defendant's bond should be cancelled. The Petition stated:

> On April 28, 2010, Pretrial Services was notified by United States Probation Officer Joan Pigott, that Mr. Defendant was being investigated by the Grand Blanc Township, Police Department. Specifically alleging that on April 2, 2010, Mr. Defendant filed paperwork with the Department of Labor, changing the name of the CEO of ETNA Distributors, LLC (a plumbing equipment/suppliers wholesale company based in Grand Rapids, Michigan), to himself. He then allegedly purchased a 2010 Cadillac Escalade pickup truck which cost $74,335.24, from Al Serra Auto Plaza, in Grand Blanc. The vehicle was financed through GMAC, in ETNA's name.
>
> Additionally, Mr. Defendant attempted to obtain a Home Depot credit card, in ETNA's name. Home Depot filed a Complaint, with the Wyoming, Michigan Police Department.

(*Id*.). This Court ordered Defendant to appear on May 14, 2010 at 10:30 a.m. to show cause why

the Court should not revoke his bond. (*Id*.).

Defendant failed to appear for the hearing on May 14, 2010. Defendant's counsel appeared at the May 14, 2010 hearing and stated that on May 11, 2010, he advised Defendant of the hearing. On May 17, 2010, this Court entered an order revoking Defendant's bond.

Defendant was then arrested on July 13, 2010, and was held at the Genesee County Jail in Flint, Michigan, pending sentencing.

At a subsequent status conference held prior to sentencing, however, Counsel for the Government advised the Court that it had been informed that Defendant had been released from the Genesee County Jail after a forged letter from Magistrate Judge Charles Binder was faxed to the jail. The Government advised the Court that the employees at the jail failed to recognize the document as a forgery and Defendant was released on September 9, 2010. After it was discovered that the faxed document was a forgery, however, local authorities arrested Defendant again.

This Court held a status conference in this matter on October 15, 2010, at which time the parties agreed that Defendant would be sentenced on October 28, 2010, and that the parties could file amended sentencing memorandums on or before October 20, 2010. (*See* Docket Entry No. 27).

On October 20, 2010, Defendant filed a motion seeking to withdraw his guilty plea (Docket Entry No. 28), which this Court denied on the morning of October 28, 2010.

## ANALYSIS

The Court overrules Defendant's objections regarding amount of loss, adjustment for

3

obstruction of justice, and no adjustment for acceptance of responsibility.

1.   Amount of Loss:

Defendant objects to the amount of loss attributed to him and the number of his victims. Page 5, Paragraph 12, of the PSR states the amount of total loss as follows:

The total loss sustained was $244,160.60, as follows:

| Name | Total |
|---|---|
| Capital One | $186,530.79 |
| Bank of America | $36,061.20 |
| Blue Flame Heating and Cooling | $2,800.00 |
| Paramount Improvement | $6,165.00 |
| Carter Lumber | $5,198.24 |
| Western Union | $3,888.74 |
| Avis Rent-a-Car | $2,244.64 |
| Art Van | $1,271.99 |

(5/12/10 PSR at Page 5, Paragraph 12).

Defendant objects to the stated total amount of loss and asserts that the total loss sustained was actually less than $200,000.00 in goods and services, and therefore, only ten levels should be added. Defendant objects to the total amount of loss on two bases.

First, in his Motion to Withdraw Plea, he asserts that a total loss in excess of $200,000.00 "grossly over exaggerate[s]" the actual amount he took from his victims. He contends that he actually only took less than $70,000.00. (*See* Docket Entry No. 28). At the Rule 11 plea hearing on April 12, 2010, however, Defendant acknowledged on the record that he obtained more than $200,000.00 from his victims:

> THE COURT: And how much did you obtain from the bank when you were using this other individual's identification?

>THE DEFENDANT: Are you talking about together?
>THE COURT: Sure.
>THE DEFENDANT: I think it's pretty much stated in the – well, *over 200,000*.

(4/12/10 Hrg. Tr. at 17) (emphasis added). At the Rule 11 plea hearing, Defendant also agreed on the record that the amount of restitution he owes to his victims exceeds $200,000.00. (4/12/10 Hrg. Tr. at 13).

Second, Defendant objects to the total amount of loss stated in the PSR because he contends that it includes losses for which the individuals whose identities he stole were reimbursed by third parties. This objection is also without merit. Pursuant to U.S.S.G. §2B1.1, Application Note 1, "victim" means any person or company who sustained any part of the actual loss determined under subsection (b)(1). Although the individuals whose identities Defendant stole did not sustain a loss, the companies listed in the PSR sustained losses due to Defendant's use of fraudulent credit, and therefore, are considered victims.

2. <u>Adjustment for Obstruction of Justice:</u>

The PSR states that Defendant willfully failed to appear in Court on May 14, 2010, and therefore, an adjustment for obstruction is warranted pursuant to §3C1.1. As explained below, Defendant's objection to the enhancement for obstruction of justice is without merit.

A sentencing court, under a preponderance of the evidence standard, may enhance a defendant's sentence range for obstruction of justice. *United States v. Dunham*, 295 F.3d 605, 609 (6th Cir. 2002); *United States v. Zajac*, 62 F.3d 145, 151 (6th Cir. 1995) (holding that preponderance of the evidence standard continues to be the correct standard for all fact-finding at sentencing).

U.S.S.G. §3C1.1 governs obstructing or impeding the administration of justice and

provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

"Obstructive conduct can vary widely in nature, degree of planning, and seriousness." U.S.S.G. §3C1.1, Application Note 3. Application Note 4 provides a non-exhaustive list of examples of the types of conduct to which this adjustment is intended to apply, and those examples include:

> (e) escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding.

U.S.S.G. §3C1.1, Application Notes 3 & 4.

Here, the Court finds that the Government has established, by a preponderance of the evidence, that: 1) Defendant willfully failed to appear at the May 14, 2010 hearing, as ordered by this Court; 2) on July 13th Defendant engaged in further criminal conduct by resisting and obstructing police officers; and 3) Defendant escaped from custody while awaiting sentencing, via a forged letter from the Court.

In his objections, Defendant asserts that he failed to appear at the May 14, 2010 show cause hearing due to "lack of adequate notice." That hearing was noticed on May 7, 2010. Defendant's Counsel appeared at the May 14, 2010, as scheduled, and advised the Court that on May 11, 2010, he had advised his client of the May 14, 2010 hearing. Thus, the Court finds that Defendant had adequate notice of the hearing but nevertheless willfully failed to attend the hearing.

The Court also finds that the Government established the following facts regarding

further obstructive conduct by a preponderance of evidence.

After this Court revoked Defendant's bond, officers with the Genesee County Sheriff's Department located Defendant on July 13, 2010, driving a Cadillac Escalade in Genesee County. (Sentencing Hearing Ex. No. 1). The officers observed the vehicle driven by Defendant exit the parking lot at a very high rate of speed. The officers activated their emergency lights and conducted a traffic stop. Defendant identified himself with a Florida driver's license as Rashad Pennywell and denied knowledge of a person named Antonio Fluker. Defendant also resisted arrest and the officers ultimately had to taser Defendant in order to take him into custody. While being transported to the Genesee County Jail, Defendant also attempted to escape from the patrol car. (*Id.*).

After Defendant's arrest on July 13, 2010, he was held at the Genesee County Jail in Flint, Michigan, pending sentencing.

On September 7, 2010, the Genesee County Jail received a faxed letter that purported to be from Magistrate Judge Charles E. Binder. (Sentencing Hearing Ex. No. 2 at 5). That letter was written on what purported to be letterhead from the Court and stated that "defendant Antonio Defendant, Jr. DOB 10/1987, Has been granted a ten thousand dollar personal recognizance bond in U.S. District Court." (*Id*.). The local authorities at the jail failed to recognize the document as a forgery and Defendant was released from custody on September 9, 2010.

After it was discovered that the faxed document was a forgery, however, local authorities arrested Defendant again.

When interviewed by the local authorities on September 22, 2010, Defendant

7

acknowledged he was responsible for the forged document sent to the Genesee County Jail. Defendant admitted that he advised a friend, Ricky Jones, how to make the forged document, the name of the federal judge to be used on the letter, and where he should fax the letter. (*See* Sentencing Hearing Ex. 2).

3.  No Adjustment for Acceptance of Responsibility:

Defendant asserts that he should receive a minus three level adjustment for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1, and therefore, his total adjusted offense level should be 15.

"A defendant has the burden of proving acceptance of responsibility by a preponderance of the evidence." *United States v. Gilbert*, 173 F.3d 974, 979 (6th Cir. 1999). Defendant contends that he is entitled to receive a downward departure for accepting responsibility because he entered a plea of guilty on April 12, 2010.

As the commentary to the Sentencing Guidelines makes clear, however, a "defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. §3E1.1, Application Note 3; *see also United States v. Turner*, 324 F.3d 456, 463 (6th Cir. 2003).

While "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction" constitutes evidence of acceptance of responsibility, that evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. §3E1.1, Application Note 3. "Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility

8

for his criminal conduct." U.S.S.G. §3E.1.1, Application Note 4.

Here, the same post-plea conduct that warrants an enhancement for obstruction of justice also establishes that Defendant is not entitled to a downward departure for acceptance of responsibility. That is, the Court finds that Defendant is not entitled to an adjustment for acceptance of responsibility because the Government has established, by a preponderance of the evidence, that: 1) Defendant willfully failed to appear, as ordered by this Court, on May 14, 2010; 2) on July 13th Defendant engaged in further criminal conduct by resisting and obstructing police officers; and 3) Defendant escaped from custody while awaiting sentencing, via a forged letter.

## CONCLUSION

Accordingly, for these reasons, and the reasons set forth on the record on October 28, 2010, the Court overrules Defendant's objections.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: October 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2010, by electronic and/or ordinary mail.

                                          S/Jennifer Hernandez
                                          Case Manager