UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Criminal Case No. 09-20614
                                            Honorable Linda V. Parker

v.

ANTONIO LYNN FLUKER,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT CLERICAL ERRORS IN THE PRESENTENCE INVESTIGATION REPORT UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 36

In April 2010, Defendant pleaded guilty pursuant to a plea agreement to two counts of identity theft in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D). (ECF No. 16.) The Honorable Sean F. Cox sentenced Defendant on October 28, 2010 to a total term of imprisonment of 105 months. (*See* ECF No. 32.) Presently before the Court is Defendant's motion to correct what he claims are "clerical errors" in his presentence investigation report ("PSR"), filed January 16, 2015. (ECF No. 49.) The government filed a response to the motion on March 6, 2015 (ECF No. 50.) Defendant filed a reply brief on March 23, 2015. (ECF No. 51.) For the reasons that follow, the Court denies Defendant's motion.

In his motion, Defendant asks the Court to correct two items in the PSR: (1) that there were more than ten victims, and (2) that the loss amount exceeded $200,000. Defendant contends that the record reflects only eight victims and that proof of a loss greater than $200,000 was neither presented to a jury nor admitted by him. Defendant argues that these mistaken facts led to enhancements which increased his sentencing guidelines range.

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Sixth Circuit has explained that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (internal quotation marks and citation omitted). "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *Id*. Defendant's claimed "errors" in the PSR are not the type corrected under Rule 36. In any event, the Court finds no error.

Pursuant to the plea agreement, Defendant specifically agreed that his offense involved more than ten victims and exceeded $200,000. (ECF No. 16 at Pg ID 33, 39.) Further, as Judge Cox pointed out when rejecting Defendant's

2

previous attempt to challenge the amount of the loss set forth in the PSR, Defendant acknowledged on the record at the Rule 11 plea hearing that he obtained more than $200,000 from his victims.  (*See* ECF No. 31 at Pg ID 84, citing 4/12/10 Hr. Tr. at 13, 17.) While Defendant moved to withdraw his guilty plea, Judge Cox denied the request (ECF No. 30) and that decision was affirmed by the Sixth Circuit Court of Appeals.  *United States v. Fluker*, 516 F. App'x 580 (6th Cir. 2013).

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Correct Clerical Errors in the Presentence Investigation Report Under Federal Rule of Criminal Procedure 36 is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 16, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 16, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager