UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Criminal Case No. 09-20614
                                                      Honorable Linda V. Parker

v.

ANTONIO LYNN FLUKER,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF NO. 56) AND THE GOVERNMENT'S MOTION TO DISMISS (ECF NO. 62)

In April 2010, Defendant pleaded guilty pursuant to a plea agreement to two counts of identity theft in violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D). (ECF No. 16.) The Honorable Sean F. Cox sentenced Defendant on October 28, 2010 to a total term of imprisonment of 105 months. (ECF No. 32.) Presently before the Court is Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, filed June 24, 2016. (ECF No. 56.) The government filed a response to the motion on October 3, 2016. (ECF No. 62.) Defendant filed a reply brief on October 27, 2016. (ECF No. 63.) For the reasons that follow, the Court denies Defendant's motion and the Government's motion[1].

---

[1] The Court denies the Government's motion because the Court dismissed Defendant's motion on other grounds.

On April 12, 2010, Defendant entered into a Rule 11 Plea Agreement for two counts of identity theft in violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D). (ECF No. 16.) Specifically, Defendant agreed "not to contest his conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255." (ECF No. 16 at Pg ID 35.) The Sixth Circuit has consistently held that "[a] defendant's wavier of his right to challenge his conviction and sentence under § 2255 is enforceable when it is entered into 'knowingly, intelligently, and voluntarily.'" *In re Garner*, 664 F. App'x 441, 442 (6th Cir. Nov. 2, 2016); *see also United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) ("[A] defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'"). Defendant makes no claim that he did not knowingly, intelligently, and voluntarily enter into the plea agreement or that his counsel committed ineffective assistance of counsel while negotiating the plea agreement. *See United States v. Fluker*, 516 F. App'x 580, 581 (6th Cir. Mar. 5, 2013) ("Apart from arguing that the factual basis for his plea was inadequate, Fluker does not claim that his waiver was unknowing or involuntary."). Therefore, the Court finds that Defendant knowingly, voluntarily, and intelligently waived his right to attack his sentence and conviction. *See In re Garner*, 664 F. App'x at 443.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 56) is **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Defendant's § 2255 Motion (ECF No. 62) is **DENIED, as moot**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager