UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Criminal Case No. 09-20614
                                              Honorable Linda V. Parker

   v.

ANTONIO LYNN FLUKER,

                Defendant.

_____/

## OPINION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 67)

In April 2010, Defendant pleaded guilty pursuant to a plea agreement to two counts of identity theft in violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D). (ECF No. 16.) The Honorable Sean F. Cox sentenced Defendant on October 28, 2010 to a total term of imprisonment of 105 months and three years of supervised release.[1] (ECF No. 32 at Pg. ID 91-92.) Defendant was released from custody on March 15, 2018 and presently before the Court is Defendant's Motion for Early Termination of Supervised Release, filed August 24, 2020. (ECF No. 67.) The government filed a response to the motion on October 5, 2020. (ECF No. 69.) The Court

_____

[1] This case was reassigned to the undersigned on January 20, 2015 pursuant to an Administrative Order.

granted Defendant's request to file a reply brief, ordering it filed by December 20, 2020.  (ECF No. 72.)  However, Defendant has not filed a reply brief.

Pursuant to § 3583(e), a district court has the discretion to terminate a term of supervised release after the defendant's completion of one year of his or her supervised release term.  18 U.S.C. § 3583(e)(1).  The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action.  *Id*.  The Sixth Circuit has stated that "[e]arly termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'"  *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (same).

Defendant contends that his supervised release should be terminated early for three reasons:  (i) he has had no violations of his supervised release; (ii) he "resides in Flint, MI with his parents and his two [] grandparents; and his gainfully employed and is currently a student at his local college (Virtually)"; and (iii) he "has surrounded himself with a different (more stable, gainfully employed and non-criminal) support system."  (ECF No. 67 at Pg. ID 287.)

The government contends that Defendant's motion should be denied, and the probation department agrees.  (ECF No. 69 at Pg. ID 292.)  The government argues

that Defendant has a "long history of committing acts of fraud" even after facing charges in juvenile court, while on probation, and while in jail. (*Id.* at Pg. ID 295.) The government highlights a 2010 incident in which Defendant was released from custody after corrections officers received what purported to be an order of release signed by a federal magistrate judge: Defendant had instructed another person to create and fax the document to the jail in which Defendant was housed. (*Id.* at Pg. ID 294-95.) The government argues that "cohabitation with [Defendant's] parents is not an adequate safeguard to the public—[Defendant] committed each of his crimes while living with at least one parent." (*Id.* at Pg. ID 295-96.)

This Court is not convinced that changed circumstances exist to warrant early termination of Defendant's supervised release term. Defendant may be complying with the rules governing his release—which is what is expected. *See U.S. v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional."). Defendant does not dispute that each of his crimes took place while he was living with at least one parent and the Court notes that his two most recent adult convictions took place while he was gainfully employed. (See PSR ¶¶ 7-10, 41, 61.) While the Court encourages Defendant to continue efforts to build a positive support system and further his education, there are no facts presented suggesting that there have been changed circumstances justifying a modification.

3

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Early Termination of

Supervised Release (ECF No. 67) is **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 9, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, February 9, 2021, by electronic and/or
U.S. First Class mail.

s/ R. Loury
Case Manager

4